**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Henry Tomlin,<br><br>        Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>        Respondents. | No. CV-18-02086-PHX-RM<br><br>**ORDER** |

      Petitioner John Henry Tomlin filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") on July 3, 2018. (Doc. 1.) On October 16, 2020, Magistrate Judge Bruce G. Macdonald filed a Report and Recommendation ("R&R"), recommending that this Court partially grant the Petition. (Doc. 18.) Specifically, the R&R found that the State withheld exculpatory evidence—namely, the disciplinary record of arresting officer Detective Gafvert—in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (*Id.* at 35-36.)[1] Neither party filed objections to the R&R. On December 28, 2020, this Court accepted and adopted the R&R in full and granted the Petition with respect to the *Brady* violation alleged in Ground One. (Doc. 19.) Specifically, the Court granted a conditional writ of habeas corpus, stating that "Petitioner's conviction and sentence shall be vacated and Petitioner released from custody unless the State of Arizona affords Petitioner a new trial within sixty (60) days." (*Id.* at 2.) The Clerk of Court entered Judgment the same day. (Doc. 20.)

---

[1] All record citations herein refer to the page numbers generated by the Court's electronic filing system.

Currently pending before the Court is Respondents' Motion for Relief from Judgment Under Rule 60(b)(6).  (Doc. 21.)  Petitioner filed a Response in opposition (Doc. 23), and Respondents filed a Reply (Doc. 24).  The Court heard oral argument on December 13, 2021 and took the matter under advisement.  (Doc. 28.)

## I.     Legal Standard

The Court may, on "motion and just terms," relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  A motion under Rule 60(b)(6) "cannot be premised on another ground delineated in the Rule, it must be filed within a reasonable time, and it must demonstrate extraordinary circumstances justifying reopening the judgment." *Bynoe v. Baca*, 966 F.3d 972, 979 (9th Cir. 2020) (internal quotation marks and citations omitted); *see also* Fed. R. Civ. P. 60(c)(1).

## II.    Discussion

Respondents ask that the Court's December 28, 2020 Order and Judgment be modified, *nunc pro tunc*, to insert the following sentence:

> This determination is based solely on the record before this Court and not any independent determination or finding by the Court that Detective Nathan Gafvert has in fact had allegations of misconduct sustained against him.

(Doc. 21 at 1-2.)

Respondents aver that they are not seeking to overturn the Court's partial grant of habeas corpus relief and are requesting the addition of the above sentence for the sole purpose of making clear "for other cases, and for the benefit of the third-party police officer, Nathan Gafvert, . . . that the Court's grant of relief . . . was based on the record

before it" and not on an independent determination that Detective Gafvert had committed misconduct. (*Id.* at 2.) Respondents aver that, after this Court had entered judgment, they discovered that the disciplinary record of Detective Gafvert—which the Court relied upon in granting habeas relief—was inaccurate, and that Detective Gafvert has never had a complaint sustained against him for the commission of a crime or for untruthfulness. (*Id.* at 8-11.) Respondents argue that Rule 60(b)(6) relief is appropriate and that their Motion is timely because it was filed within 90 days of the discovery of the inaccuracy of the disciplinary record. (*Id.* at 11-13.) Respondents attach a number of exhibits to their Motion, including a declaration by Mesa Police Department Commander Anthony Abalos explaining the inaccuracies in the print-out of the disciplinary record of Officer Gafvert and how those inaccuracies arose. (Doc. 21-1 at 119-123.)

In his Response to Respondents' Motion, Petitioner argues that Arizona law requires public bodies to maintain accurate records, and that it is unreasonable for Respondents to request that the Court add a comment to its final order based upon evidentiary errors. (Doc. 23 at 1-2.)[2] In their Reply, Respondents note that Petitioner does not contest any of the elements required for Rule 60(b)(6) relief, and they argue that, due to the limited nature of the relief sought, Petitioner will not be prejudiced should the Court grant their Motion. (Doc. 24 at 3.)

The Court finds that the limited relief sought by Respondents is appropriate under Rule 60(b)(6). Respondents are not seeking to alter the Court's grant of habeas relief, nor are they requesting any substantive changes to the Court's prior ruling. They merely seek an additional sentence clarifying that the Court's ruling was based on the record that was before the Court. The Court will amend its December 28, 2020 Order (Doc. 19) to include a modified version of that sentence.

---

[2] Petitioner also requests that the Court add a statement that he requested an evidentiary hearing in State court and was denied. (*Id.* at 2.) Although Respondents do not object to that request (Doc. 24 at 4), the Court does not find that the requested addition is necessary, as Magistrate Judge Macdonald's R&R—which this Court adopted in full (Doc. 19 at 2)—already notes that Petitioner requested an evidentiary hearing in State court, and that the State court summarily dismissed his post-conviction petition without holding an evidentiary hearing (*see* Doc. 18 at 19-21).

**IT IS ORDERED** that Respondents' Motion for Relief from Judgment Under Rule 60(b)(6) (Doc. 21) is **granted**. The Court's December 28, 2020 Order (Doc. 19) is **amended**, *nunc pro tunc*, to include the following sentence after the sentence ending on page 2, line 14:

> This determination is based on the record before this Court and not on an independent determination or finding by the Court regarding Detective Nathan Gafvert's allegations of misconduct.

**IT IS FURTHER ORDERED** that this case shall remain closed.

Dated this 15th day of December, 2021.

_____
Honorable Rosemary Márquez
United States District Judge